UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ZARIA COHEN,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE COUNTY et al.,<br><br>    Defendants. | Case No. 25-10728<br>Honorable Laurie J. Michelson |

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND PARTIALLY DISMISSING COMPLAINT [1]**

Zaria Cohen, proceeding *pro se*, alleges that she was wrongfully detained in the Wayne County Jail for 43 days (ECF No. 1, PageID.2); that during her incarceration she was subjected to "inhumane jail conditions, medical neglect, deliberate indifference, and systemic government obstruction" (*id.*); and that her post-release FOIA requests have been ignored (*id.* at PageID.3). She sues Wayne County, the Wayne County FOIA Department, the Wayne County Sheriff's Office, Chief Judge Patricia Fresard, Judge Qiana Lillard, and John Doe officials (*id.* at PageID.1) for Eighth and Fourteenth Amendment violations and "negligence and reckless endangerment" (*id.* at PageID.5). She seeks compensatory and punitive damages as well as injunctive relief (in the form of "[a]n immediate court order compelling full FOIA compliance"). (*Id.* at PageID.6.)

For the reasons below, the Court grants Cohen's request to proceed without prepaying fees or costs (ECF No. 2), dismisses the Wayne County Sheriff's Office, the

Wayne County FOIA Department, Chief Judge Fresard, and Judge Lillard as defendants, and dismisses Cohen's Eighth Amendment claims, state law claims, and Fourteenth Amendment claims regarding familial association. Only Cohen's Fourteenth Amendment claim of inhumane conditions and deliberate indifference to serious medical needs may proceed, against only Wayne County and the John Doe officials.

I.

The Court begins by granting Cohen's application to proceed without prepaying fees and costs. (ECF No. 2.) Cohen states that she earns $1,000 monthly, pays $1,000 in rent monthly, has no assets and only $12.00 in savings, and has one dependent. (*Id.*) The Court thus finds that Cohen has made the required showing of indigence under 28 U.S.C. § 1915(a)(1).

In turn, the Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to conduct a preliminary screening of Cohen's complaint and dismiss any claim that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And while a *pro se* litigant's

complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)); *see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" (citations omitted)).

## A. Dismissed Defendants

The Court first dismisses the Wayne County Sheriff's Office and the Wayne County FOIA Department as defendants.

"Under established law, sheriff's departments in Michigan are divisions of the county and not separate legal entities capable of being sued." *Smith v. Washtenaw Cnty. Sheriff's Dep't*, No. 25-10568, 2025 WL 2201658, at *3 (E.D. Mich. July 31, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 3177572 (E.D. Mich. Nov. 13, 2025). The same is true of the department or office that handles FOIA requests for Wayne County. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("Because the McCracken County Jail is a department of the county, the county is the appropriate party to address [plaintiff's] suit."). In other words, both the Wayne County Sheriff's Office and the Wayne County FOIA Department are subsumed

3

within Wayne County itself, which Cohen has also named as a defendant. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). Only Wayne County may remain a defendant in this case; the sheriff's office and FOIA department are dismissed.

The Court next dismisses the state court judge defendants, Chief Judge Patricia Perez Fresard and Judge Qiana Denise Lillard of the Wayne County Circuit Court.

Both judges are absolutely immune from Cohen's Section 1983 claims for money damages and injunctive relief. *See DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999) ("Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits."); *Orta v. Repp*, No. 23-3034, 2023 WL 5666161, at *3 (6th Cir. Sept. 1, 2023) ("Section 1983 . . . generally does not permit plaintiffs to seek injunctions against judges acting in their judicial capacity." (citing *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012))); *Williams v. Parikh*, No. 24-3059, 2024 U.S. App. LEXIS 22602, at *4 (6th Cir. Sept. 4, 2024) (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)) (explaining that the *Ex parte Young* doctrine, i.e., the sovereign immunity exception that permits suits against state officials for prospective injunctive relief, "does not normally permit federal courts to issue injunctions against state-court judges").[1]

---

[1] Because the Court declines to exercise supplemental jurisdiction over Cohen's only claim not brought under Section 1983, *see infra* Section I.B, it need not address the claim here.

4

"Judicial immunity is a long-recognized common-law doctrine shielding judges from collateral attacks challenging a judge's actions taken in her official judicial capacity. This immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023) (citation omitted). "Judicial immunity is overcome in only two circumstances: (1) when the judge acts in a non-judicial capacity and (2) when the judge acts in the complete absence of all jurisdiction." *Carpenter v. Goldsmith*, No. 25-1513, 2025 U.S. App. LEXIS 29299, at *5 (6th Cir. Nov. 6, 2025) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam)); *see Shophar v. Gorski*, No. 17-13322, 2018 U.S. Dist. LEXIS 159113, at *14 (E.D. Mich. June 5, 2018) ("An action is within a judicial capacity if it is normally performed by a judge."); *Wellman v. PNC Bank*, 508 F. App'x 440, 443 (6th Cir. 2012) (per curiam) ("A judge acts in the complete absence of all jurisdiction only if the matter upon which the judge acts is clearly outside the subject matter of the court over which the judge presides.").

Neither exception applies here. Cohen complains about the judges' adjudication of her "FOIA case" in state court. (ECF No. 1, PageID.3–4.) As such, the complained-of actions would have been taken in the judges' judicial capacities and in matters over which they had jurisdiction, thus entitling them to absolute immunity without regard to any error or "malicious[ness]" involved. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of

5

all jurisdiction.'"); *Orta*, 2023 WL 5666161, at *2 ("[J]udicial immunity generally does not hinge on a judge's motives. Else, judges would face 'vexatious litigation' about their true intentions on the strength of allegations that 'could always be made.'").

For the above reasons, the Wayne County FOIA Department, the Wayne County Sheriff's Office, Chief Judge Patricia Perez Fresard, and Judge Qiana Denise Lillard are all dismissed from this case.

### B. Dismissed Claims

The Court next dismisses Cohen's Fourteenth Amendment claim premised on being "wrongfully separated from her daughter during her 43-day unlawful detainment." (ECF No. 1, PageID.2.)

As an initial matter, it is not clear that such a claim is legally viable, particularly in the context of a parent's temporary detention on a criminal charge and unrelated to child custody proceedings. *See, e.g.*, *Ghaith v. Rauschenberger*, 493 F. App'x 731, 738–39 (6th Cir. 2012) ("Courts (particularly the U.S. Supreme Court) have not thoroughly addressed the scope of this right [to family integrity] in the context of a criminal investigation . . . ."); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 585 (6th Cir. 2013) ("There are two types of deprivations that support substantive due process claims: (1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.' This claim deals with the first type of deprivation—deprivation of a constitutional guarantee, particularly the right to the maintenance of a parent-child relationship."). Assuming for screening purposes that Cohen may bring such a claim, "the available case law suggests that a state

actor's conduct affecting this right [to family integrity] must 'shock the conscience' to be actionable under § 1983." *Ghaith*, 493 F. App'x at 739; *see Kottmyer v. Maas*, 436 F.3d 684, 691 n.1 (6th Cir. 2006) (suggesting, in the child custody context, that a plaintiff could prevail on a familial association claim if the alleged conduct shocked the conscience); *Cannon v. Polk County*, 702 F. App'x 527, 530 (9th Cir. 2017) (explaining that Fourteenth Amendment familial associational right was not violated by parent's incarceration where parent "was not wrongfully detained at any time" and "his detention was not so shocking or offensive as to rise to the level of a constitutional violation"); *see also Halley v. Huckaby*, 902 F.3d 1136, 1154 & n.14 (10th Cir. 2018) (collecting cases). Cohen's conclusory and vague allegations do not rise to that level.

Cohen alleges only that she was "wrongfully detain[ed] for 43 days in Wayne County Jail despite a judge's explicit recognition that she should not have been incarcerated . . . causing severe emotional distress, trauma, and psychological harm in violation of her Fourteenth Amendment due process rights." (ECF No. 1, PageID.2.) The duration of detention does not alone rise to the level of shocking the conscience. And Cohen's allegation that her detention was "despite a judge's explicit recognition that she should not have been incarcerated" is wholly conclusory and generalized. *See Williams*, 2022 WL 2966395, at *2 ("Although we construe pro se pleadings liberally, the basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.' Thus, we may not 'conjure up unpleaded facts to support conclusory allegations.'"). She alleges no facts about the underlying reason for her

7

detention, the alleged judicial determination that "she should not have been incarcerated," or how any of the remaining defendants caused the constitutional violations. *See Vinson v. Fair*, No. 24-12003, 2024 WL 4437633, at *2 (E.D. Mich. Oct. 7, 2024) ("It is a basic pleading requirement that a plaintiff must attribute factual allegations to particular defendants. . . . [W]hen a person is named as a defendant without an allegation of specific misconduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." (citing *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x. 188, 190 (6th Cir. 2004))).

Next, although a close call based on her sparse allegations, the Court will allow Cohen's "inhumane conditions & medical neglect" claim to proceed—but only under the Fourteenth Amendment, not the Eighth Amendment, given that Cohen was a pretrial detainee in Wayne County Jail at the time of the alleged events. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400–01 (2015) (explaining that pretrial detainees may bring cruel and unusual punishment claims under the Fourteenth Amendment rather than under the Eighth Amendment); *Baber v. Dials*, 767 F. Supp. 3d 454, 472 & n.9 (E.D. Ky. 2025) (explaining that the protections guaranteed by the Eighth Amendment are applied to pretrial detainees through the Fourteenth Amendment).

Finally, the Court declines to exercise supplemental jurisdiction over Cohen's state law claim of "negligence and reckless endangerment." (ECF No. 1, PageID.5.) Compared to her sole remaining federal constitutional claim (*see id.* at PageID.2 (alleging "inhumane jail conditions, including raw sewage exposure, non-functioning toilets, denial of hygiene products, [and] contaminated living spaces" and "denial of

8

essential medical care for severe oral injuries caused by her braces")), Cohen's state law claims have different elements and standards of proof, implicate different legal theories and immunities, and would likely predominate and present a significant risk of jury confusion. *See, e.g.*, *Miner v. Ogemaw Cnty. Rd. Comm'n*, 625 F. Supp. 3d 640, 660 (E.D. Mich. 2022) (explaining that under Michigan's Governmental Tort Liability Act "Michigan governmental agencies, and political subdivisions are immune from tort liability 'unless the Legislature has pulled back the veil of immunity and allowed suit by citizens against the government'"); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994) ("The state claims and federal claims have different legal standards, rules of vicarious liability and immunity, and recoverable damages, and it would be very difficult for a jury to keep them straight.").

## II.

In sum, the Court GRANTS Cohen's application to proceed without prepaying fees and costs (ECF No. 2), DISMISSES the Wayne County Sheriff's Office, the Wayne County FOIA Department, Chief Judge Patricia Fresard, and Judge Qiana Lillard as defendants, and DISMISSES all but Cohen's claim of inhumane conditions and deliberate indifference under the Fourteenth Amendment.

SO ORDERED.

Dated: November 25, 2025

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE

9